UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ERIN M.,[1]

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 3:25-cv-00975-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiff Erin M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's final decision is affirmed and this case is dismissed.

**PROCEDURAL BACKGROUND**

Plaintiff filed her application for SSI on October 28, 2021, alleging a disability onset date of January 1, 2017. Tr.[2] 17. Plaintiff's claims were denied initially and upon reconsideration. *Id.*

[1] In the interest of privacy, this opinion uses only the first name and surname initial of the non-governmental party in this case.

[2] "Tr." refers to the Transcript of the Social Security Administrative Record provided by the Commissioner. Tr. Soc. Sec. Admin. R., ECF No. 7-1.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on August 1, 2024. *Id.* On August 12, 2024, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. *Id.* at 17-29.

Plaintiff timely appealed the ALJ's decision, and the Appeals Council denied review on May 13, 2025, making the ALJ's decision the final decision of the Commissioner. *Id.* at 1. This appeal followed.

## FACTUAL BACKGROUND

Born in 1970, Plaintiff was forty-six years old on her alleged disability onset date. *See id.* at 17, 28. She has a high school education and does not have any past relevant work. *Id.* at 27-28. She alleges disability due to a depressive disorder, an anxiety disorder, posttraumatic stress disorder, mild thoracic and lumbar spine degenerative disc disease, fibromyalgia, obstructive sleep apnea, borderline left ventricular hypertrophy, abnormal left ventricular diastolic filling consistent with impaired relaxation, prediabetes, hypertension, left eye macula scars, and dry eye syndrome. *Id.* at 19.

## STANDARDS

The Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the Court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (internal quotation marks and citation

omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation") (citation omitted). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations omitted).

The initial burden of proof to establish disability rests upon the claimant. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also Maxwell v. Saul*, 971 F.3d 1128, 1130 (9th Cir. 2020) ("An ALJ must employ a five-step sequential process to determine whether a claimant is disabled within the meaning of the [Act]."). First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Bowen*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Bowen*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the claimant is not disabled. *Bowen*, 482 U.S. at 141; *see also Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) ("Step two is merely a threshold determination meant to screen out weak

claims."). At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141 (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Bowen*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of the work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations her impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), (b)-(c), 416.920(e), 416.945(a)(1), (b)-(c); *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen*, 482 U.S. at 141. If the claimant can perform her past relevant work, she is not disabled; if she cannot perform this work, the burden shifts to the Commissioner. *See Bowen*, 482 U.S. at 141-42. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(g), 416.920(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing the process for determining whether the claimant can engage in work that exists in the national economy).

**THE ALJ'S DECISION**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date of October 28, 2021. Tr. 19. At step two, the ALJ found that Plaintiff had the following severe impairments: a depressive disorder, an anxiety disorder, and posttraumatic stress disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an

impairment or combination of impairments that met or equaled the severity of a listed impairment. *Id.* at 21. Before proceeding to the fourth step, the ALJ assessed Plaintiff's RFC. The ALJ determined that Plaintiff could perform a full range of work at all exertional levels with the following limitations: "She can understand, remember, and carry out simple and detailed tasks that can be learned in 30 days or less. She can tolerate occasional changes in a routine work setting. She can tolerate occasional interaction with the general public, coworkers, and supervisors." *Id.* at 22. At step four, the ALJ found that Plaintiff did not have any past relevant work. *Id.* at 27. At step five, the ALJ found that, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy that Plaintiff could perform despite her impairments, including dayworker, kitchen helper, and industrial cleaner. *Id.* at 28. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. *Id.* at 29.

## DISCUSSION

Plaintiff argues that the ALJ improperly established her RFC by failing to consider all relevant evidence and failing to incorporate limitations based on Plaintiff's low stress tolerance. Specifically, Plaintiff argues that limiting her to "occasional changes in a routine work setting" and "occasional interaction with the general public, coworkers, and supervisors," was insufficient to address her low stress tolerance. Tr. 22, 26; Pl.'s Br. 5, 10, ECF No. 8. Defendant responds that the limitations provided in the RFC are sufficient to account for Plaintiff's stress-related symptoms. After careful review of the record, this Court agrees.

The RFC is an assessment describing the precise gainful work activities the claimant is capable of. *Laborin*, 867 F.3d at 1153 ("[An RFC] 'is the most [a claimant] can still do despite [her] limitations.'") (quoting 20 C.F.R. § 416.945(a)(1)). To determine a claimant's RFC, the ALJ must consider the medical evidence and descriptions and observations of the claimant's

limitations (from the claimant's impairments and symptoms), provided by the claimant and lay witnesses. *Laborin*, 867 F.3d at 1153 (citing 20 C.F.R. § 416.945(a)(3)); *see also Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) ("[T]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.") (internal quotation marks and citation omitted). After assessing the relevant evidence, the ALJ considers a claimant's physical, mental, and any other abilities that may be affected by other impairments, irrespective of whether those impairments are "severe." 20 C.F.R. § 416.945(b)-(e); *Buck*, 869 F.3d at 1049. The ALJ is then responsible for "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); 20 C.F.R. § 416.946(c). The ALJ's RFC "assessment of a claimant adequately captures restrictions . . . where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *Rogers v. Comm'r Soc. Sec. Admin.*, 490 F. App'x 15, 17-18 (9th Cir. 2012).

When reviewing a claimant's mental impairments for the purpose of determining a claimant's RFC, the ALJ must follow four specific steps ("mental function analysis"). 20 C.F.R. §§ 404.1520a(a), 416.920a(a). First, the ALJ must evaluate the claimant's "pertinent symptoms, signs, and laboratory findings to determine whether [the claimant] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). Second, the ALJ "rate[s] the degree of functional limitation resulting from the impairment(s)," 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2), in four broad functional areas: "[u]nderstand, remember or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). These four functional areas must be rated on a five-point scale: "[n]one, mild, moderate, marked, and extreme." 20 C.F.R. §§

404.1520a(c)(4), 416.920a(c)(4). Third, after determining the degree of the claimant's functional limitations, the ALJ must determine the "severity of [the claimant's] mental impairment(s)." 20 C.F.R. §§ 404.1520a(d), 416.920a(d). Finally, the ALJ must document application of this technique, "show[ing] the significant history . . . and functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4).

The record demonstrates that Plaintiff experiences stress, anxiety, and fear when she drives, when she goes to stores by herself, when she deals with her attorney and disability hearings, because of her parents' cancer diagnoses, and because of her past relationships. Tr. 284, 392, 638, 645. Plaintiff asserts that the ALJ erred by failing to include stress-based limitations to account for this evidence. But substantial evidence demonstrates that the ALJ appropriately considered, translated, and incorporated these clinical findings into the RFC. *See Rogers*, 490 Fed. App'x at 17-18 (holding that an RFC assessment adequately captures a claimant's limitations when it is consistent with the limitations identified in medical testimony).

The ALJ followed the proper legal analysis in conducting and documenting Plaintiff's mental function analysis based on his consideration of the relevant evidence. *See Hoopai v. Astrue*, 499 F.3d 1071, 1078 (9th Cir. 2007) ("[T]he ALJ is required to rate the degree of functional limitations in four areas . . . . The ALJ clearly [meets] this requirement by rating and assessing [the claimant's] limitations in each of these four functional areas. The ALJ [is] not required to make any more specific findings of the claimant's functional limitations."). Here, the ALJ's mental function analysis concluded:

> In understanding, remembering or applying information, the claimant has a mild limitation. . . . In interacting with others, the claimant has a moderate limitation. . . . With regard to concentrating, persisting or maintaining pace, the claimant has a

> moderate limitation. . . . As for adapting or managing oneself, the claimant has experienced a moderate limitation.

Tr. at 21-22.

The ALJ then assessed the medical evidence and descriptions and observations of Plaintiff's limitations provided by medical professionals, lay witnesses, and Plaintiff herself. *Id.* at 22-27 (considering the evidence regarding Plaintiff's impairments, including notes, diagnoses, and opinions of various doctors; Plaintiff's statements about her symptoms; and the opinions of lay witnesses, including a patron at Plaintiff's former workplace, Plaintiff's mother, and Plaintiff's best friend). Based on this substantial evidence, the ALJ "restricted the claimant to unskilled work involving no more than occasional changes in a routine work setting and occasional social interaction based on her symptoms, including her low stress tolerance and problems with social boundaries." *Id.* at 26.

While the Court is sympathetic to Plaintiff's low stress tolerance, substantial evidence demonstrates that the ALJ's RFC properly accounted for Plaintiff's stress-based limitations. *See Seth W.H. v. Comm'r Soc. Sec. Admin.*, No. 3:23-CV-05339-GJL, 2024 WL 5506878, at *1 (W.D. Wash. Jan. 23, 2024) (affirming an ALJ's RFC limiting a plaintiff who suffered from "depression, anxiety, and posttraumatic stress disorder" to "simple and detailed tasks that can be learned in 30 days or less" and "occasional interaction with the general public, coworkers, and supervisors"). In his RFC assessment, the ALJ must consider and discuss the "[claimant]'s maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis . . . ." SSR 96-8p, 1996 WL 374184 (July 2, 1996) (emphasis omitted). But the ALJ was not required to expressly include Plaintiff's limitations in his final RFC. *See Burch*, 400 F.3d at 683-84 (holding that an ALJ does not err when he adequately considers all of a claimant's medically identified limitations, even if he does not expressly

include a specific limitation in his conclusion). The ALJ considered and discussed Plaintiff's maximum remaining ability to do sustained work activities, as required by SSR 96-8p. *E.g.*, Tr. 21 ("[T]he claimant stated she can pay attention for at least two hours on a good day . . . ."). In recognition of Plaintiff's low stress tolerance, the ALJ's final RFC restricted Plaintiff to simple and detailed tasks, occasional changes in her work environment, and occasional interaction with others. *Id.* at 22. The ALJ did not ignore Plaintiff's limitations.

In sum, the ALJ's determination of Plaintiff's RFC is supported by substantial evidence.

**CONCLUSION**

For the reasons discussed above, the Commissioner's decision is AFFIRMED and this case DISMISSED.

DATED this 18th day of August 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge